UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| DALTON BERKOWSKI, | ) | |
| | ) | |
| Plaintiff/Counter-Defendant, | ) | |
| | ) | |
| v. | ) | No. 3:23-CV-216-DCP |
| | ) | |
| ZULF ALI ZAHIN, *et al.*, | ) | |
| | ) | |
| Defendants/Counter-Plaintiffs. | ) | |

**ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), the Rules of this Court, and the consent of the parties [Doc. 21].

This case is before this Court on a sua sponte review. The parties were involved in a vehicular accident on December 20, 2022 [Doc. 1]. Plaintiff has sued for negligence, alleging physical and emotional injuries as a result of the accident [*See id.*]. Defendants have filed a Counterclaim for negligence, alleging property damage and related loss of business as a result of the accident [*See* Doc. 15].

Although the facts of this case appear straightforward, the parties have filed thirty-four motions in limine [Docs. 88–90, 93–100, 103–25]. Defendants have also filed Objections to Plaintiff's Exhibit List, identifying twelve objections to documents and categories of documents [Doc. 91] and Objections to Deposition Testimony with eleven objections [Docs. 92, 101, and 102]. Objections to exhibits are due on February 4, 2025 [*See* Doc. 26 p. 4].

The parties' pretrial conference is set for February 18, 2025, and trial will commence on March 3, 2025. In an attempt to streamline the issues for the pretrial conference and trial, the Court **ORDERS** the parties to participate in a good faith meet and confer, via telephone or video

conference, on or before **February 7, 2025**, in an attempt to narrow the issues raised in the parties' motions in limine [Docs. 88–90, 93–100, 103–25], Defendants' objections [Docs. 92, 101, and 102], and any additional objections that are due on February 4, 2025. *See* Fed. R. Civ. P. 1 (explaining that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the jury, speedy, and inexpensive determination of every action and proceeding"). The parties **SHALL** file a joint status report on the results of their meet and confer on or before **February 10, 2025**. The joint status report **SHALL** include the following details: (1) who participated in the conference, (2) the length of the conference, (3) whether it was by video or telephone, (4) a list of all pending matters with an explanation on whether the parties were able to resolve the issue or whether an order of the Court is necessary.

In order for the parties to focus their efforts on resolving the matters, the Court **DENIES WITHOUT PREJUDICE** the motions in limine and the objections [**Docs. 88–125**]. To the extent the parties cannot resolve the matters, each party may file one motion in limine on or before **February 10, 2025**, that identifies all the evidence sought to be excluded and one supporting brief not to exceed twenty-five pages. To the extent practicable, evidence sought to be excluded shall be attached to the motion in limine. Responses to the motions in limine **SHALL** be due on or before **February 13, 2025**.

To the extent the parties have not resolved objections to deposition testimony, each party may file one objection on or before **February 10, 2025**, that identifies all the deposition testimony sought to be excluded and one supporting brief not to exceed twenty-five pages. The deposition testimony shall be attached to the objection. Responses to objections to deposition testimony **SHALL** be due on or before **February 13, 2025**.

To the extent the parties have not resolved objections to exhibits, each party may file one objection on or before **February 10, 2025**, that identifies all the exhibits sought to be excluded and one supporting brief not to exceed twenty-five pages. To the extent practicable, exhibits sought to be excluded shall be attached to the objection. Responses to the objections to exhibits **SHALL** be due on or before **February 13, 2025**.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge